IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON STRAKA, WALKAWAY CAMPAIGN PAC, and WALKAWAY FOUNDATION,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DAVID S. CLEMENT, @BRAWNDOSNITCHKA, @CHICHIVISION18, @MIKECLOVER7, @STONEPGH, THATSQUITEAWALK, @HIGHENANONTOO, @TOOLEJK, and @ZIBTARA,<br><br>　　　　　Defendants. | **8:24CV24**<br><br>**ORDER** |

　　　The Honorable Susan Bazis was recently confirmed to serve as U.S. District Court Judge, thereby leaving a vacancy for her prior position as Magistrate Judge. This case was previously assigned to Magistrate Judge Bazis for judicial supervision. Until such time as this vacancy is filled, there exist pretrial and posttrial matters in the above-captioned case that cannot be effectively and timely reassigned to an available judge of the district. Accordingly, the Court has determined it is necessary to appoint a master to ensure the timely progression of this case. Such appointment shall be of temporary duration and shall end upon the appointment of a new Magistrate Judge.

　　　The Court intends to appoint current Career Law Clerk Kate Rahel as master in this case pursuant to Federal Rule of Civil Procedure 53. Ms. Rahel's duties as special master will be limited to case progression and discovery issues consistent with the attached proposed Appointment Order. Ms. Rahel's affidavit averring she has no conflict of interest in accepting the appointment as master is attached.

Ms. Rahel previously served as an attorney with Dornan, Troia, Howard, Breitkreutz & and Conway PC, LLO, career law clerk to the Honorable Brian Buescher, Nebraska Court of Appeals law clerk for the Honorable John F. Irwin, and Iowa Supreme Court law clerk to the Honorable Edward M. Mansfield.

The parties are given 14 days to file any objections to this proposed appointment. If the parties do not consent to the appointment of a master, the case will remain assigned solely to Judge Bataillon until a new Magistrate Judge is appointed. If the Court receives no objections, it will deem the parties to have consented to the appointment and will file the attached Appointment Order.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON STRAKA, WALKAWAY CAMPAIGN PAC, and WALKAWAY FOUNDATION,<br><br>                Plaintiffs,<br><br>vs.<br><br>DAVID S. CLEMENT, @BRAWNDOSNITCHKA, @CHICHIVISION18, @MIKECLOVER7, @STONEPGH, THATSQUITEAWALK, @HIGHENANONTOO, @TOOLEJK, and @ZIBTARA,<br><br>                Defendants. | **8:24CV24**<br><br>**AFFIDAVIT** |

State of Nebraska   )
                           )
County of Douglas  )

Kate Rahel, being first duly sworn according to law, states the following:

1. I am an attorney duly licensed to practice law in the State of Nebraska.

2. I have familiarized myself with the above-captioned matter. I do not have a relationship to the parties, attorneys, or action that would require disqualification under 28 U.S.C. § 455.

3. Accordingly, there are no grounds for disqualification under either 28 U.S.C. § 455 or Federal Rule of Civil Procedure 53 which would prevent me serving as master in the above-captioned matter.

SIGNED: _____
Kate Rahel

Sworn to before me and subscribed in my presence this 9th day of April, 2024.

_____
Notary Public

GENERAL NOTARY - State of Nebraska
BRENDA L. FAUBER
My Comm. Exp. February 11, 2028

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON STRAKA, WALKAWAY CAMPAIGN PAC, and WALKAWAY FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID S. CLEMENT, @BRAWNDOSNITCHKA, @CHICHIVISION18, @MIKECLOVER7, @STONEPGH, THATSQUITEAWALK, @HIGHENANONTOO, @TOOLEJK, and @ZIBTARA,<br><br>Defendants. | **8:24CV24**<br><br>**PROPOSED ORDER APPOINTING MASTER** |

    The Honorable Susan Bazis was recently confirmed to serve as U.S. District Court Judge, thereby leaving a vacancy for her prior position as Magistrate Judge. Until such time as this vacancy is filled, there exist pretrial and posttrial matters in the above-captioned case that cannot be effectively and timely addressed by an available judge of the district. Accordingly, the Court has determined it is necessary to appoint a master to ensure the timely progression of this case. Such appointment shall be of temporary duration and shall end upon the appointment of a new Magistrate Judge.

    Having given notice of its intent to appoint a master, having offered the parties an opportunity to be heard, having considered the attached affidavit regarding grounds of disqualification, and having obtained the consent of the parties, the Court hereby appoints Kate Rahel as master in this case pursuant to Federal Rule of Civil Procedure 53(a)(1)(A) & (C). As Rule 53 requires, this Order sets out the master's duties and dictates how she

is to perform them. The Court reserves the authority to amend this Order at any time after notice to the parties and an opportunity to be heard. *See* Fed. R. Civ. P. 53(b)(4).

I. **Master's Duties and Authority**

Rule 53 permits the Court to appoint a master to "perform duties consented to by the parties" Fed. R. Civ. P. 53(a)(1)(A), and to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district," Fed. R. Civ. P. 53(a)(1)(C)  The parties having consented to permit the master to undertake the duties outlined in this order, and there presently being no available district or magistrate judge in this district to timely address these pretrial matters, the Court states that the master shall have the authority to do the following:

1. Set deadlines and file orders related to pre-trial case progression.
2. Hold hearings related to case progression including status hearings and pretrial conferences.
3. Oversee discovery including resolving any discovery-related disputes by filing an order to which the parties may file an objection with the Court.
4. Conduct a settlement conference with the parties' consent.

The master is ordered to undertake these duties with all reasonable diligence. *See* Fed. R. Civ. P. 53(b)(2). The master shall have the full cooperation of the parties and their counsel and may take all appropriate measures to perform her assigned duties fairly and efficiently.

II. **Ex Parte Communications**

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party." Fed. R. Civ. P.

53(b)(2)(B). The master is permitted to communicate ex parte with the court at the master's discretion, without providing notice to the parties, in order to discuss logistics and other appropriate procedural matters. The special master may only communicate with the parties or attorneys if a representative for all parties is present or if an ex parte communication is consented to by all parties as in the case of a settlement conference.

### III. Master's Record and Review of Orders

The Court is required to state "the nature of the materials to be preserved and filed as the record of the master's activities." Fed. R. Civ. P 53(b)(2)(C). The master shall promptly file any order with the Clerk of the Court for docketing which sets forth deadlines or which rules on a discovery dispute. The docketing of such orders shall serve as notice to the parties. The master is not required to preserve or file any other documents related to her appointment. Objections to the master's orders shall be made in accordance with Rule 53(f) except that in the instance of case progression orders and other deadline-setting orders, the parties shall have 7 days to object. In all non-deadline-related orders, such as those resolving discovery disputes, the parties shall have 21 days to object. As set forth in Rule 53(f), the Court will review the master's factual findings and legal conclusions de novo but will review procedural matters only for an abuse of discretion.

### IV. Compensation

Pursuant to Rule 53(g) which requires the Court to state the terms of the master's compensation, the Court notes that the master has volunteered to undertake these duties pro bono and thus no compensation will be allocated. These duties shall be in addition to and separate and apart from any duties the master has in her employment as judicial law clerk.

V.   **Affidavit**

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* Fed. R. Civ P. 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit previously submitted to the court by the master attesting there are no such grounds for disqualification.

**IT IS SO ORDERED.**

Dated this ___ day of _____, 2024.

                                                  BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  Senior United States District Judge