IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON STRAKA,  WALKAWAY CAMPAIGN PAC, and  WALKAWAY FOUNDATION,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>DAVID S. CLEMENT, @BRAWNDOSNITCHKA, @CHICHIVISION18,  @MIKECLOVER7, @STONEPGH,  THATSQUITEAWALK, @HIGHENANONTOO,  @TOOLEJK, and @ZIBTARA,<br><br>                    Defendants. | **8:24CV24**<br><br>**ORDER** |

This matter comes before the appointed special master following a telephone conference to discuss Plaintiffs' email request for expedited discovery. Plaintiffs seek to engage in expedited discovery in order to identify the seven defendants who remain un-served in this case. Plaintiffs have identified these defendants only by their X (formerly Twitter) user handles and wish to serve third-party subpoenas on X Corporation to obtain their subscriber information. Defendants who have appeared, David S. Clement and Miranda Dew, object to an early Rule 26(f) conference and the expedited discovery because they have pending motions to dismiss. The appointed special master will not order an early Rule 26(f) meeting or permit expedited discovery.

Under the federal rules, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). A party may request expedited discovery by demonstrating good cause. *See, e.g.*, *Empirical Foods, Inc. v. Primus Builders, Inc.*, No. 8:19CV457,

2020 WL 5064220, at *15 (D. Neb. Aug. 27, 2020) (applying a good-cause standard to expedited discovery request and collecting cases employing the same standard).

In light of Defendants' pending motions to dismiss—both of which raise jurisdictional arguments—Plaintiffs have not shown good cause for expedited discovery. Although the request is narrowly tailored, it would be difficult and prejudicial to require defendants Dew and Clement to participate in an early Rule 26(f) conference when it is possible that parts of the case (claims or parties) may not survive the Court's ruling on the motions to dismiss. Additionally, there are concerns over the extent to which Dew and Clement could object to a third-party subpoena. Accordingly,

IT IS ORDERED:

1. The Court will not order expedited discovery at this time.

2. Pursuant to Federal Rule of Civil Procedure 53(f) and the Order Appointing Master in this case, Filing No. 39, the parties have 21 days to object to this order.

Dated this 14th day of May, 2024.

SIGNED:

s/ Kate O. Rahel
Appointed Special Master