IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON STRAKA, WALKAWAY CAMPAIGN PAC, AND WALKAWAY FOUNDATION<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID S. CLEMENT, @BRAWNDOSNITCHKA, @CHICHIVISION18, @MIKECLOVER7, @STONEPGH, @THATSQUITEAWALK, @HIGHENANONTOO, @TOOKEJK, @ZIBTARA a/k/a MIRANDA DEW<br><br>Defendants. | CASE NO. 8:24-CV-00024-JFB-SMB<br><br>REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANT @ZIBTARA a/k/a MIRANDA DEW |

## INTRODUCTION

Miranda Dew is a Texas resident with no meaningful connections to the State of Nebraska. Despite this, Brandon Straka and his WalkAway entities (collectively, "Plaintiffs") insist that personal jurisdiction is proper in this District because Dew "targeted" Nebraska residents online. (Filing 40 at 9). Plaintiffs offer no evidence to support their jurisdictional arguments, relying instead on three conclusory allegations in the Amended Complaint.

Plaintiffs have not satisfied their prima facie burden of establishing personal jurisdiction over Miranda Dew, and the claims against her should therefore be dismissed. As the Eighth Circuit Court of Appeals has repeatedly held, personal jurisdiction is tested "*not by the pleadings alone*, but by the affidavits and exhibits presented with the motions and opposition thereto" *Miller v. Nippon Carbon Co., Ltd.*,

528 F.3d 1087, 1090 (8th Cir. 2008) (emphasis added). In the absence of any evidence connecting Miranda Dew to the State of Nebraska, the Court lacks personal jurisdiction as a matter of law. Miranda Dew's motion to dismiss should be granted.

Plaintiffs have also failed to satisfy their burden of showing proper venue. As discussed below, Plaintiffs' only argument for maintaining the lawsuit in this District is that "Plaintiffs are located in Nebraska" and felt harm here. (Filing 40 at 11). But the Eighth Circuit looks to the "relevant activities of the *defendant* in the forum state, not on the effect of those activities on the plaintiff in the forum state." *Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014). Because Miranda Dew has not participated in any relevant activities in the forum state, venue is improper as a matter of law.

Finally, Plaintiffs' response brief does not meaningfully engage with the substantive deficiencies identified in Dew's motion and brief. Rather, Plaintiffs merely reiterate the conclusory allegations contained in the Amended Complaint. Thus, even if the Court determines that personal jurisdiction and venue are proper, it should nevertheless dismiss the Amended Complaint against Dew for failure to state a claim upon which relief may be granted.

## ARGUMENT

### I.  Plaintiffs have not satisfied their jurisdictional burden.

When jurisdiction is challenged, "the plaintiff has the burden of proving facts supporting personal jurisdiction." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008). "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Id.*; *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 (8th Cir.

2004) (granting defendant's motion to dismiss because plaintiff "failed to rebut [] assertions with testimony, affidavits, or other documents"). Conclusory allegations "do not satisfy [the plaintiff's] burden to establish a prima facie case of specific jurisdiction." *Johnson v. Woodcock*, 444 F. 3d 953, 956 (8th Cir. 2006).

In this case, Miranda Dew filed a declaration in support of her motion to dismiss under Rule 12(b)(2). (Filing 35-1). The declaration establishes the lack of any meaningful connection between Dew and the State of Nebraska, including her residency in Texas, where she has lived for over fifteen years. Dew also avers that she has not conducted business, voted, or owned property in Nebraska since 2009.

Although Plaintiffs bear the burden of proof, they have not provided any evidence to support their claim of specific personal jurisdiction. Instead, they rely exclusively on three conclusory allegations in the Amended Complaint:

- Paragraph 27, which alleges all Defendants "are aware" that Plaintiffs "have ties and opportunities to individuals and organizations in Nebraska";

- Paragraph 28, which alleges that "Defendants' tortious acts are aimed at, among other things disrupting the #Walkaway Nebraska chapter through their efforts to ruin Plaintiffs' reputation in Nebraska"; and

- Paragraph 29:  which alleges a different defendant—David Clement— contacted Straka's probation officer in Nebraska.

(*See* filing 40 at 9). According to Plaintiffs, these conclusory allegations are sufficient to "support the exercise of personal jurisdiction" over Dew. (*Id.*)

As an initial matter, conclusory allegations are never sufficient to support the exercise of personal jurisdiction over an out-of-state defendant. *Dever*, 380 F.3d at

1074. For this reason alone, Dew's motion to dismiss should be granted. But even assuming otherwise, the allegations on which Plaintiffs rely are insufficient as a matter of law. Being "aware" of a person's residency and "disrupting" a business opportunity in that state (which Dew strongly denies doing) does not subject an out-of-state defendant to jurisdiction in that District. *See Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010) ("Posting on the internet from Colorado an allegedly defamatory statement including the name "Missouri" . . . does not create the type of substantial connection . . . necessary to confer specific personal jurisdiction"). So, even accepting Plaintiffs' allegations as true, the Court lacks personal jurisdiction over Dew.

In sum, nothing in Plaintiffs' response brief provides any basis to suggest that Miranda Dew has any connection or contacts with the State of Nebraska. *See Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 620 (8th Cir. 2021) (personal jurisdiction analysis looks "to the defendant's contacts with the forum state *itself*, not the defendant's contacts with persons who reside there"). Because Plaintiffs have not satisfied their prima facie burden, Dew's motion to dismiss for lack of personal jurisdiction should be granted.

**II.     Plaintiffs have not satisfied their burden of establishing venue.**

Like personal jurisdiction, once a defendant raises the issue of proper venue, the plaintiff bears the burden of showing that venue is proper. *Gridiron Mgmt. Grp. LLC v. Wranglers*, No. 8:12CV3128, 2012 WL 5187839, at *6 (D. Neb. Oct. 18, 2012). Here, as above, Plaintiffs do not offer any evidence to satisfy their burden under Rule 12(b)(3). Rather, they argue that venue is proper in Nebraska because Straka and

4

one chapter of the Walkaway Entities are "located" here and allegedly experienced harm here. (Filing 40 at 11).

But as noted above, a venue analysis focuses on the relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state. *Steen*, 770 F.3d at 703. And as discussed frequently throughout, Miranda Dew has no "relevant activities" in Nebraska because she does not live here and has not conducted business in the state for 15 years. (Filing 35-2).

Plaintiffs also argue that venue is proper because Straka is the alleged victim of "non-physical torts," which they think requires a different legal analysis. (Filing 40 at 11). Specifically, Plaintiffs argue that when non-physical torts are alleged, the venue analysis shifts from the relevant activities of the defendant, to the residency of the plaintiff. (*Id.*) Plaintiffs cite *Gridiron Mgmt. Grp. LLC v. Wranglers* as support. No. 8:12CV3128, 2012 WL 5187839, at *6.

*Gridiron Mgmt. Grp.*, however, is distinguishable. In that case, venue was proper because the plaintiff alleged sufficient facts to show "that Nebraska ha[d] a substantial connection" to the plaintiff's claims. *Id.* To this end, the plaintiff alleged that the out-of-state defendant hacked into a Nebraska server to "view private electronic communications" which were later disseminated. *Id.* at *1.

Here, Plaintiffs have failed to allege any facts connecting this case to the State of Nebraska. Nothing in the Complaint suggests that an out-of-state defendant had or has substantial connections to the State of Nebraska, or that the State—as opposed

5

to Straka—was the target of any wrongdoing. Without any allegations or evidence to support Plaintiffs' burden, the Complaint should be dismissed for lack of venue.

### III. Straka has failed to state a claim upon which relief may be granted.

The Complaint also fails to state a claim upon which relief may be granted. As to **tortious interference**, Plaintiffs urge the Court to deny Dew's motion because they have alleged "false" statements. Specifically, Plaintiffs point to an allegation in the Complaint in which they claim that Dew falsely accused Straka of reporting his fellow January 6 insurrectionists in exchange for lenient sentencing. (Filing 40 at 14-15). According to Plaintiffs, the "false" nature of this alleged statement interfered with undefined business operations in Nebraska. (Filing 40 at 14-15).

This argument, however, does not address the legal deficiencies identified in Dew's opening motion and brief. Indeed, Dew moved to dismiss the tortious interference claim because Plaintiffs have not identified a single business expectancy that was allegedly disrupted *by Dew*, as required by Nebraska law. *Denali Real Estate, LLC v. Denali Custom Builders, Inc.,* 302 Neb. 984, 1004 (2019). Nor do Plaintiffs address how a truthful statement—*i.e.*, that Straka provided assistance to the government in the wake of his criminal conviction (Filing 35-2 at 28)—can be actionable in tort as a business disruption.[1] Because Plaintiffs have not alleged a

---

[1] It is true, as Plaintiffs argue, that the Court usually accepts the plaintiff's version of events as true on a motion to dismiss. But there is an exception to this rule when the factual allegations are "directly contradicted by public records." *Harrington v. City of Omaha*, Case No. 8:20CV412, 2021 WL 2321757, at *23 (D. Neb. June 7, 2021). Here, Straka's own publicly-available Court records prove that he cooperated with the government in the wake of his criminal conviction for participating in the January

6

business expectancy, and have not identified any untruthful statements, they have failed to state a claim for tortious interference. Dew's motion to dismiss on these grounds should be granted.

Plaintiffs' **defamation** claim fails for many of the same reasons. For example, Plaintiffs argue in their response that Dew defamed Straka by claiming he "gave up" other January 6 defendants and accusing him of previously driving while intoxicated. But both of these statements are true, and thus cannot be actionable in tort. (*See* filing 35-2 at 1, 28). Further, while Plaintiffs admit that many of the alleged tweets are outside of Nebraska's one-year statute of limitations, they argue that they "did not discover" the tweets as a result of some unspecified "fraudulent efforts" to conceal them. (Filing 40 at 21).

But the Complaint itself does not allege any concealment—fraudulent or otherwise—by Dew. And even if it did, that conclusory allegation alone would not toll the applicable statute of limitations under Nebraska law. The test for tolling focuses on when the party discovers *or should have discovered* the injury. *Teater v. State*, 252 Neb. 20, 559 N.W.2d 758 (1997). If anything, the parade of horribles alleged in the Complaint suggests that Plaintiffs *should have* discovered the tweets far sooner than they now claim. Plaintiffs have, therefore, not stated a viable defamation claim, and Dew's motion to dismiss should be granted.

---

6 riot. (Filing 35-2 at 28). Thus, the Court is not required to accept Plaintiffs' revisionary telling of the facts, which directly conflict with his own criminal record.

7

Regarding the **trademark** claims, Plaintiffs admit that none of them hold an exclusive license to the disputed mark. (*See* filing 40 at 23-24). This admission is dispositive of the trademark claim because, as discussed more fully in Dew's opening brief, a non-exclusive licensee lacks standing to sue under the Lanham Act. *See Experian Marketing Solutions, Inc. v. U.S. Data Corp.*, No. 8:09CV24, 2009 WL 2902957, at 3–4 (D. Neb. Sept. 9, 2009). By Plaintiffs' own admission, neither Straka nor his WalkAway entities are the proper parties for this claim.

Additionally, Plaintiffs claim that they have sufficiently alleged "use in commerce." To support this argument, Plaintiffs direct the Court to a website—www.walkawaypac.org—which "has a prominent section that solicits donations, thereby satisfying the use in commerce requirement." (Filing 40 at 24). In other words, Plaintiffs argue that because *their own* website solicits money, there is "use in commerce" for purposes of the Lanham Act.

This argument makes little sense given that Plaintiffs' website is not the target of the trademark claim. Rather, Plaintiffs are suing about a different website—www.walkawaypac.org—which contains no donation page whatsoever. Relatedly, the issue under the Lanham act is not whether a plaintiff uses its own mark in commerce, but whether the *defendant* used the mark in commerce. *DaimlerChrysler AG v. Bloom*, 315 F.3d 932, 936 (8th Cir. 2003) (a prerequisite to finding liability under the Lanham act is that "the *defendant* 'use in commerce' the protected mark") (emphasis added). Because the trademark claim attacks a website that is not used in commerce, his trademark claim fails as a matter of law.

Further, Plaintiffs have also failed to identify any likelihood of confusion. Again, they point to similarities in domain names between Defendants' alleged website and Plaintiffs' website domain name. But this domain name does not utilize Plaintiffs' protected mark. Nor is there any argument that anything in the website could plausibly be interpreted by a viewer as confusing.

Finally, as to **civil conspiracy**, Dew reincorporates the arguments set forth in her opening brief. A civil conspiracy does not exist without an underlying tort, and there is no underlying tort in this case for all of the reasons previously discussed. *See Salem Grain Co. Inc. v. Consol. Grain & Barge Co.*, 297 Neb. 682 (2017). Accordingly, the civil conspiracy claim should be dismissed under Rule 12(b)(6).

### IV. The Court should deny Plaintiffs leave to amend.

Plaintiffs request leave to amend should the Court dismiss the lawsuit for jurisdictional or substantive reasons. This request should be denied for two separate and independent reasons. First, any amendment would be futile given the jurisdictional arguments set forth above. Dew has no relevant connections or contacts with the State of Nebraska and Plaintiffs have presented no evidence otherwise, so any amendment would be futile. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (court may deny motion to amend when amendment would be futile).

Second, Plaintiffs' request does not comply with the local rules, which require the moving party to "file as an attachment to [a] motion an unsigned copy of the proposed amended pleading." NECivR 15.1(a); *see U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 957 (8th Cir. 2012). Because Plaintiffs have

9

neither filed a motion nor attached a proposed amended pleading, their request to amend the complaint should be denied. *Zapata v. Ricketts*, No. 4:17-CV-3076, 2018 WL 542595, at *2 (D. Neb. Jan. 23, 2018).

## CONCLUSION

For the foregoing reasons, Defendant Miranda Dew respectfully requests an Order dismissing the Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction, personal jurisdiction, venue, and failure to state a claim upon relief may be granted. Miranda Dew's motion to dismiss should be granted.

Dated this 20th day of May, 2024.

Respectfully submitted,

MIRANDA DEW, Defendant

BY:   /s/ Daniel J. Gutman
Daniel J. Gutman, #26039
Sydney L. Hayes, #27051
University of Nebraska College of Law
First Amendment Clinic
Schmid Clinic Building
P.O. Box 830902
Lincoln, NE 68583-0902
Dgutman2@unl.edu
Shayes6@unl.edu
ATTORNEYS FOR DEFENDANT
MIRANDA DEW

**CERTIFICATE OF COMPLIANCE**

      I, Daniel J. Gutman, hereby certify that the foregoing complies with Nebraska Local Rule 7.1(d)(1)(B). I certify this Memorandum contains 2,544 words, which includes the Memorandum's case caption, signature block, and certificate of compliance.

      /s/ Daniel J. Gutman